**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN CROWELL, | ) | CASE NO. 1:25-cv-1942 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the joint stipulation of the parties for an award to plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, of $4,738.83 in attorney fees. (Doc. No. 15 (Amended Joint Stipulation to Award EAJA Fees).) For the reasons set forth herein, the joint stipulation is **APPROVED**.

I.      **BACKGROUND**

On September 14, 2025, plaintiff Stephen Crowell ("Crowell" or "plaintiff") filed this action seeking judicial review of defendant Commissioner of Social Security's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB"). (Doc. No 1 (Complaint), at 1.)[1]

On March 5, 2026, the parties jointly stipulated that the matter should be reversed and remanded to the Commissioner for further administrative proceedings pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g). (Doc. No. 10 (Joint Stipulation to Remand).) The Court remanded the case on the merits "to allow the Administrative Law Judge to

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

further consider the claimant's rheumatoid arthritis and sleep apnea, in accordance with the provisions of 20 C.F.R. § 404.1545." (Doc. No. 11 (Remand Order).)

On March 27, 2026, the parties jointly stipulated and petitioned the Court to enter an order awarding attorney fees in the amount of $4,738.83 under the EAJA, 28 U.S.C. § 2412. (Doc. No. 13 (Joint Stipulation to Award EAJA Fees).) The Court ordered the parties to supplement their joint stipulation so that it could examine the stipulation for reasonableness. (Doc. No. 14 (Order Requesting Supplementation).) On March 31, 2026, the parties filed an amended joint stipulation with the requested information. (Doc. No. 15.)

## II.      DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'"), *report and recommendation adopted*, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015).

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justify a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted at the Court's request in support of the joint stipulation shows that a total of 19.05 hours[2] of legal services were performed between July 25, 2025, and March 10, 2026, including the typical legal services of preparing the complaint, reviewing the administrative transcript, drafting plaintiff's brief on the merits, and reviewing court orders. (Doc. No. 15-2 (Time Entries).) The Court finds both the amount and the nature of these legal services to be reasonable.

Plaintiff's counsel indicates an attorney billing rate of $245.91 per hour in 2025 and $249.29 per hour in 2026 (*id.*), which is an upward departure from the $125.00 statutory cap set by Congress in March 1996. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living . . . justifies a higher fee." (quoting 28 U.S.C. § 2412(d)(2)(A)(ii))); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The measure of inflation in this geographic region is the Midwest Urban Consumer Price Index ("CPI-U"), which is available on the website of the Bureau of Labor Statistics (http://www.bls.gov). *Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13-cv-1845, 2014 WL 4388154, at *3 (N.D. Ohio Sept. 5, 2014) (collecting cases). In light of the information available there for the period of time in which counsel provided services in this case, the Court finds that the $4,738.83 stipulated award is both reasonable and adequately reflective of "the prevailing market rates for

---

[2] Of this figure, 3 hours of legal services were performed in 2025, and 16.05 hours of legal services were performed in 2026. (Doc. No. 15-2.)

the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A).

As the parties recognize in their stipulation, any amount paid belongs to plaintiff. As further recognized in the stipulation, this award will be in full and complete satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine whether plaintiff owes any pre-existing debt to the United States. If plaintiff owes a pre-existing debt to the United States, defendant shall direct that the award of $4,738.83 in attorney fees, less any setoff, be made payable to plaintiff's attorney and be mailed to the attorney's business address. If there is no setoff, then the full award shall be remitted.

## III. CONCLUSION

For the reasons set forth herein, the Court **APPROVES** the parties' joint stipulation for an award to plaintiff pursuant to 28 U.S.C. § 2412 in the amount of $4,738.83 in attorney fees (Doc. No. 15), and this amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: April 1, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**